UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:10-CR-167-TAV-CCS |
| | ) | |
| JERMETRIUS TURNER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's motion to withdraw his guilty plea [Doc. 123], to which the government responded in opposition [Doc. 146]. The Court held a hearing on the matter, and after careful consideration of the motion, the parties' positions, and the relevant law, the Court hereby denies the motion.

**I.    Background**

On December 7, 2010, the defendant was charged by indictment with four counts: (1) conspiracy to possess with intent to distribute cocaine base, also known as "crack," and cocaine; (2) aided and abetted by another, possession of firearms in furtherance of a drug trafficking crime, that is, count one of the indictment; (3) aided and abetted by another, obstruction of commerce by robbery; and (4) aided and abetted by another, brandishing and discharging firearm during and in relation to a crime of violence, that is, count three of the indictment [Doc. 3]. The defendant's initial appearance and arraignment was on July 7, 2011, at which time the defendant waived and reserved his

right to a detention hearing [Doc. 30]. The trial was originally set for September 14, 2011 [*Id.*].

On August 24, 2011, the defendant filed a pro se motion to substitute counsel, asserting a conflict with his attorney [Doc. 45]. Counsel correspondingly filed a motion to withdraw [Doc. 46]. On August 30, 2011, the motion was heard by the magistrate judge, who denied the motion as moot [Doc. 48]. Upon ruling on that motion, the trial was reset for January 31, 2012 [*Id.*].

Subsequently, counsel for defendant filed a motion for a mental evaluation of the defendant [Docs. 53, 57]. The magistrate judge heard argument on the motion and denied the motion in a sealed order [Doc. 60]. The defendant objected to that order, but Judge Phillips, the district judge originally assigned to this case, affirmed the magistrate judge's order on January 3, 2012 [Doc. 62].

On January 17, 2012, the defendant filed a second pro se motion for new counsel [Doc. 65]. The magistrate judge conducted a hearing on the motion on January 20, 2012, and denied it [Docs. 69, 71]. That same day, the government filed a plea agreement signed by the government, the defendant, and the defendant's counsel [Doc. 68]. Pursuant to the plea agreement, the parties agreed that the defendant would plead guilty to count three and count four in consideration of the government moving the Court to dismiss counts one and two at the time of sentencing. Among other things, the parties also agreed that a sentence of 240 months' imprisonment and a five-year term of supervised release is the appropriate disposition of this case. The defendant formally

changed his plea at a hearing before Judge Phillips on January 23, 2012 [Doc. 70; *see also* Doc. 98].

On March 27, 2012, a Presentence Investigation Report was prepared by the United States Probation Officer and disclosed to the parties. While counsel for the defendant filed a notice of no objections to the report [Doc. 78], the defendant filed several pro se objections to the report. Counsel for the defendant also filed a sentencing memorandum [Doc. 80] and letters of support [Doc. 79; *see also* Docs. 77, 81].

Prior to the sentencing hearing, on May 16, 2012, the defendant filed yet another pro se motion for new counsel [Doc. 82]. Counsel correspondingly filed a motion to withdraw [Doc. 83]. The motions were referred to the magistrate judge, who, on May 31, 2012, granted the motions and appointed Bradley Henry as counsel for the defendant [Docs. 87, 88]. Between the filing of the motions concerning counsel and the time the magistrate judge ruled on the motions, on May 22, 2012, the defendant filed a pro se motion to withdraw his plea of guilty [Doc. 86]. On July 30, 2012, the defendant's new counsel also filed a motion to withdraw the plea of guilty along with a request for an evidentiary hearing [Doc. 91]. However, on August 14, 2012, the defendant's counsel filed a motion to withdraw the motions to withdraw the guilty plea, along with an affidavit of the defendant stating he requests that the motion to withdraw the guilty plea be withdrawn [Doc. 100]. The magistrate judge granted the motion to withdraw the motion to withdraw the guilty plea and denied the motions to withdraw the guilty plea as moot [Doc. 102].

3

The sentencing hearing was continued multiple times but was ultimately set for May 10, 2013. Prior to the hearing, both counsel for the defendant and the government filed sentencing memorandums [Docs. 108, 113]. At the sentencing hearing, the defendant again requested to withdraw his plea [Doc. 116]. The Court ordered the defendant to file a motion and brief the issue and then reset the sentencing hearing [*Id.*].

Counsel for the defendant filed a motion to withdraw the plea of guilty as well as a request for an evidentiary hearing regarding the defendant's competency [Doc. 123]. On June 27, 2013, Judge Phillips found sufficient cause to request a more thorough examination of the defendant's mental health and that a psychological evaluation would be in the defendant's best interest [Doc. 130]. Shortly thereafter, because of Judge Phillips taking inactive senior status, this case was reassigned to the undersigned for all further proceedings [Doc. 133].

The magistrate judge conducted a hearing regarding the defendant's competency on October 30, 2013, thereafter finding the defendant competent [Docs. 141, 144]. As a result, the Court set the motion to withdraw the plea of guilt for a hearing. The government then responded to the motion to withdraw the plea of guilty [Doc. 146].

At the hearing on December 3, 2013, the government presented the testimony of the defendant's original attorney, Leslie Jeffress, and both parties presented argument in support of their respective positions. The Court took the matter under advisement and now issues this memorandum opinion and order denying the defendant's request to withdraw his guilty plea.

4

## II. Analysis

### A. Standard for Withdraw of Guilty Plea

Rule 11(d) of the Federal Rules of Criminal Procedure provides that "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdraw." Fed. R. Crim. P. 11(d). Even so, "[a] defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted).

Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (citation omitted); *see also United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007). A defendant seeking withdrawal of a plea of guilty carries the burden of proving that withdrawal is justified, and the matter is left to the discretion of the court. *Id.* at 1003 (citation omitted).

In *United States v. Bashara*, the Sixth Circuit gave a non-exclusive list of factors that should guide a district court in determining whether to allow a defendant to withdraw his guilty plea: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceeding; (3) whether the defendant has asserted or

5

maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has prior criminal experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by statute on other grounds as recognized in United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000); *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*). No one factor is controlling, and the government need not establish prejudice "unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (citation omitted).

    B.    **Application of the *Bashara* Factors**

        1.    **Time Between Plea and Motion & Presence or Absence of a Valid Reason for Failure to Move for Withdrawal Earlier in Proceeding**

The defendant pleaded guilty on January 23, 2012. He moved to withdraw that that plea pro se on May 22, 2012 [Doc. 86], and his second attorney, who was appointed on May 31, 2012, moved to withdraw the plea on July 30, 2012 [Doc. 91]. Those motions were later withdrawn by motion of counsel on August 14, 2012 [Doc. 100]. On May 10, 2013, the defendant again moved to withdraw his plea at his sentencing hearing [Doc. 116], and that oral motion was followed up with a written motion on June 17, 2013 [Doc. 123]. Hence, the time between the plea of guilty and the defendant's first motion

6

to withdraw that plea was 120 days and the time between the plea of guilty and the defendant's oral motion to withdraw that plea at the sentencing hearing was 473 days.

Given this timeline, the Court finds that the factor pertaining to the time between the plea and the motion to withdraw weighs heavily against the defendant. Even if the Court were to consider only the time between the plea and the first motion to withdraw that plea, the Sixth Circuit has denied motions to withdraw guilty pleas because of delays far shorter than 120 days. *See*, *e.g.*, *Valdez*, 362 F.3d at 912–13 (addressing a 75-day delay); *United States v. Durham*, 178 F.3d 796, 798-99 (6th Cir. 1999) (addressing a 77-day delay); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (addressing a 67-day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir. 1988) (addressing a 55-day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987) (addressing an approximately 35-day delay). But that is not even the relevant time frame because the defendant withdrew his initial motion and did not move to withdraw his plea again until his sentencing hearing, which was over a year after his guilty plea. Moreover, the defendant has not provided any reason for failing to move to withdraw his plea any earlier than he did, and to the extent the defendant relies upon any incompetency, the magistrate judge determined the defendant is competent [*See* Doc. 144].

### 2. Defendant's Innocence, Circumstances Underlying the Entry of the Guilty Plea & the Defendant's Nature and Background

The defendant signed a plea agreement in which he agreed to plead guilty to counts three and four—count three charged the defendant with, aided and abetted by another, obstructing commerce by robbery and count four charged the defendant with,

7

Case 3:10-cr-00167-TAV-HBG   Document 148   Filed 12/11/13   Page 7 of 11   PageID #: 658

aided and abetted by another, brandishing and discharging firearm during and in relation to a crime of violence, that is, count three—but it appears that the defendant has maintained his innocence with respect to counts one and two—the drug conspiracy and related firearms charges. Indeed, the government agreed, as part of the plea agreement, to dismiss counts one and two at the time of sentencing.

The parties signed the plea agreement on January 20, 2012, after exchanging discovery and preparing for trial, and the defendant formally changed his plea in open court on January 23, 2012. During that change of plea hearing, Judge Phillips asked the defendant, after the government set forth the charges and the factual basis for the charges, whether he agreed with the government's statement:

> The Court: Do you agree that that's what you did?
>
> Mr. Turner: No.
>
> The Court: Okay. What do you disagree with?
>
> Mr. Turner: Some facts in there. But don't matter so continue, please.
>
> The Court: Okay. Do you agree that you attempted to rob the individuals named in the indictment?
>
> Mr. Turner: Knowingly or did I?
>
> The Court: Did you?
>
> Mr. Turner: Yes, sir.
>
> The Court: Okay. And do you agree that you had a weapon during the course of that crime?
>
> Mr. Turner: Yes, sir.

> . . . .
>
> The Court: Do you understand what you're pleading guilty to, Mr. Turner?
>
> Mr. Turner: Yes, sir.
>
> The Court: Are you pleading guilty because you are, in fact, guilty?
>
> Mr. Turner: Yes, sir.

[Doc. 98].

At the hearing on the pending motion, defense counsel asserted that this colloquy does not indicate whether the defendant knowingly pleaded guilty because Judge Phillips did not accurately convey the law regarding the interstate commerce element of count three, referencing *United States v. Wang*, 222 F.3d 234 (6th Cir. 2000). Even assuming this as true, the defendant later filed an affidavit along with his motion to withdraw his initial motion to withdraw his guilty plea stating that he understood the charges against him, the consequences of pleading guilty, and the terms of the plea agreement [Doc. 100-1]. Thus, to the extent the defendant did not knowingly enter his plea at the time of his change of plea hearing, that unknowingness was mitigated by his affidavit.

In examining the circumstances underlying the entry of the guilty plea, the Court also considers the defendant's intelligence, sophistication, and understanding of the plea. *See Ellis*, 470 F.3d at 285 (finding that the factor related to the defendant's nature and background supported denial of defendant's motion to withdraw plea because the record indicated that the defendant understood what he was doing when he entered his guilty plea). The Court, without discussion here, takes into account the sealed documentation

9

concerning the defendant's background, including documentation submitted in connection with his competency evaluation and his Presentence Investigation Report. The Court has also reviewed the transcript of the change of plea hearing, and notes that Judge Phillips properly advised the defendant of his constitutional rights and that there is evidence on the face of the transcript that the defendant comprehended the consequences of the proceedings [*See*, *e.g.*, Doc. 98 (indicating the defendant inquired about and came to understand the meaning of Rule 11(c)(1)(C) as well as the fact that pleading guilty could subject him to enhanced penalties with respect to any future charges)]. Thus, the factor pertaining to the circumstances surrounding the entry of the guilty plea weigh against granting the motion. *See id.* at 280 ("'When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" (citation omitted)).

### 3. The Defendant's Experience with Criminal Justice System

Relevant to this factor is whether a defendant is "a novice" to or "familiar with" the criminal justice system. *Spencer*, 836 F.2d at 240 (quoting *United States v. Kirkland*, 578 F.2d 170, 171–72 (6th Cir. 1978)). The government conceded at the hearing that the defendant is young and does not have extensive experience with the adult criminal justice system, but correctly points out that the defendant does have extensive experience with the juvenile criminal justice system, including convictions for possession of cocaine

and strong-armed robbery. Thus, consideration of this factor counsels against granting the motion.

### 4. Potential Prejudice to the Government

The Court need not consider this factor unless a defendant establishes a fair and just reason for vacating the plea. *Goddard*, 638 F.3d at 495. Given the Court's analysis of the factors above, the Court finds that the balance of the factors weigh against allowing the defendant to withdraw his guilty plea. Put differently, the Court finds the defendant has not presented a fair and just reason for vacating his plea. Thus, the Court need not consider potential prejudice to the government.

In any event, the potential prejudice to the government bolsters the Court's determination. This case was two and a half years old at the time the defendant moved to withdraw his plea and the defendant pleaded guilty days before trial. The government was prepared to proceed to trial at that time and it is possible that witnesses will now be unavailable or have difficulty recalling relevant events.

## III. Conclusion

For the reasons stated herein, the Court finds the defendant has not presented a fair and just reason for withdrawing his guilty plea. Thus, the defendant's motion [Doc. 123] is hereby **DENIED**. This matter is hereby **RESCHEDULED** for sentencing on **Friday, March 14, 2014, at 10:00 a.m.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

11