UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| JERMETRIUS L. TURNER, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:21-CV-78-TAV-JEM |
| | ) | 3:10-CR-167-TAV-HBG-2 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner Jermetrius Turner has filed[1] a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. 195; Case No. 3:21-cv-78, Doc. 1].[2] In his motion, petitioner presents one claim—that Hobbs Act robbery does not qualify as a crime of violence for purposes of 18 U.S.C. § 924(c). The government responded in opposition [Case No. 3:21-cv-78, Doc. 8]. Because, based on the record, it plainly appears that petitioner is not entitled to relief, it is not necessary to hold an evidentiary hearing,[3] and petitioner's § 2255 motion [Doc. 195; Case No. 3:21-cv-78, Doc. 1] will be **DENIED**.

---

[1] Petitioner initially filed this motion with the Sixth Circuit, seeking leave to file a second or successive § 2255 motion. However, the Sixth Circuit denied this request as unnecessary, as petitioner had not filed a first § 2255 motion and transferred the motion to this district [Doc. 193].

[2] All docket citations refer to the underlying criminal case unless otherwise indicated.

[3] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

I. **Background**

On January 23, 2012, petitioner entered a guilty plea to one count of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2, and one count of using, carrying, brandishing, and discharging a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 [Docs. 68, 70]. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), petitioner and the government agreed that a sentence of 240 months' imprisonment, followed by a 5-year term of supervised release was the appropriate sentence in this case [Doc. 68, p. 4]. The plea agreement also contained a waiver of the right to file a § 2255 motion or otherwise collaterally attack petitioner's convictions or sentence [*Id.* at 6–7]. Petitioner subsequently sought to withdraw his plea agreement [Doc. 123], which this Court denied, finding that petitioner had not presented a fair and just reason for withdrawing his plea [Doc. 148].

The Court ultimately imposed the agreed-upon sentence of 240 months' imprisonment, to be followed by 5 years' supervised release [Doc. 166]. Petitioner timely appealed [Doc. 169]. On August 4, 2015, the Sixth Circuit affirmed petitioner's convictions and sentence, rejecting his challenge to this Court's order denying his request to withdraw his guilty plea [Doc. 182].

On October 22, 2020, Petitioner filed a motion under 28 U.S.C. § 2244 for leave to file a second or successive § 2255 motion in the Sixth Circuit [Doc. 194]. The Sixth Circuit denied the motion as unnecessary, because petitioner had not yet filed an initial § 2255
2

motion [Doc. 193]. Accordingly, the Sixth Circuit transferred petitioner's § 2255 motion to this district for consideration as an initial § 2255 motion [*Id.*].

## II.   Legal Standard

The Court must vacate, set aside, or correct a prisoner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. To obtain relief under § 2255 because of a constitutional error, the error must be one of "constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006), and must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

## III.   Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations for the filing of a § 2255 motion. 28 U.S.C. § 2255(f). This one-year limitations period commences on the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

For purposes of § 2255(f)(1), when a defendant files a direct appeal, his conviction becomes final "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 524 (2003). Here, that was 90 days after the Sixth Circuit's final judgment was entered on August 4, 2015 [Doc. 182]. *See* Sup. Ct. R. 13 (providing that a petition for a writ of certiorari must be filed within 90 days after entry of the judgment of the United States court of appeals). Petitioner's conviction thus became final on November 2, 2015, and his § 2255 motion would be due one year later, on November 2, 2016. Petitioner's § 2255 motion, filed with the Sixth Circuit on October 22, 2020, was nearly 4 years beyond the limitations period under § 2255(f)(1).

Notably, petitioner does not appear to allege that § 2255(f)(2) or § 2255(f)(4) apply in this case. However, he does seem to indicate that his motion should be deemed timely under § 2255(f)(3). Specifically, petitioner states that "development in the law undermines this Circuit's precedent" [Doc. 1, p. 2]. But § 2255(f)(3) only permits the statute of limitations to commence on the date a right has been newly recognized by the Supreme

4

Court and made retroactive. And petitioner himself acknowledges that "[t]he Supreme Court or 6th Circuit ha[ve] not addressed the question of whether Hobbs Act robbery by causing fear of future injury to property satisfies the violent physical force standard of Johnson," which is his claim for relief [Doc. 1, p. 19]. Accordingly, petitioner cannot rely on the date that a right has been newly recognized by the Supreme Court and made retroactive to determine the timeliness of his § 2255 motion.

For these reasons, the Court finds that petitioner's § 2255 is barred by the AEDPA limitations period, and therefore, his motion will be **DENIED**.

### IV. Conclusion

For the reasons stated above, the Court finds that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Doc. 195; Case No. 3:21-cv-78, Doc. 1] will be **DENIED** and this civil action will be **DISMISSED**. A hearing is unnecessary in this case. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). A separate judgment will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE